| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio Ventura Altman, Esq.<br>Bar Number: 228445<br>Lake Forest Bankruptcy<br>Lake Forest Bankruptcy<br>P.O. Box 515381<br>Los Angeles, CA 90051<br>Phone: (949) 218-2002<br>Email: avaesq@lakeforestbkoffice.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☑ *Attorney for:* FCO Genesis I, LLC | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>FCO Genesis I, LLC | CASE NO.: 8:22-bk-11460-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(O)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) **FCO Genesis I, LLC**_____,

    filed a motion or application (Motion) entitled **REQUEST FOR AUTHORITY TO ABANDON THE ESTATE'S INTEREST IN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. Sec. 554(a)**_____.

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

    ☑ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

    a.    If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

    b.    If you fail to comply with this deadline:

      (1)    Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2)    Movant will lodge an order that the court may use to grant the Motion; and

      (3)    The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  **07/28/2024**

**/s/ Anerio Ventura Altman, Esq.**

Signature of Movant or attorney for Movant

**Lake Forest Bankruptcy**

Printed name of Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **07/28/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
James C Bastian jbastian@shulmanbastian.com
Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Sonia Singh ssingh@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) **07/28/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **07/28/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/28/2024 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 3          **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

Label Matrix for local noticing
0973-8
Case 8:22-bk-11460-SC
Central District of California
Santa Ana
Sun Jul 28 14:28:42 PDT 2024

TCG Genesis, Inc.
5244 Beach Blvd
PO Box 522
Buena Park, CA 90621-0522

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

1913 Ventures LLC
Attn Joseph Parsons
8 Norfield Farm Lane
Weston CT 06883-2247

APX Supplies & Trading
Attn Munir Ali
5755 Bonhomme Rd Suite 420
Houston, TX 77036-2013

Alliance Legal Partners
Attn Jeff Marks
9 Chatelaine
Newport Coast, CA 92657-1054

Alliance Legal Partners, Inc.
9 Chatelaine
Newport Coast, CA 92657-1054

Arthur Laffer
Attn Ronb Felmus
103 Murphy Ct.
Nashville TN 37203-1005

Aterian Group Inc fka Mohawk Group Inc.
37 East 18th St 7th Fl
New York, NY 10003-2001

Aterian Group Inc fka Mohawk Group Inc.
c/o Gibbons PC/Daniel S Weinberger Esq
One Pennsylvania Plaza 37th Fl
New York, NY 10119-3701

Bedrock Group LLC
Attn Howard Sperling/Enrique Sperling
338 Commercial St
Boston, MA 02109-1195

Bedrock Group LLC
Attn Jonathan R Roth
57 Wharf St #2G
Salem, MA 01970-5147

Bill Attinger
1797 Ardelia St
Las Vegas, NV 89135

CH Robinson
Attn Deborah Coelho-Hoium
680 Knox Street Suite 210
Torrance, CA 90502-1325

CH Robinson
Attn Timothy W Fafinski
3411 Brei Kessel Road
Minneapolis, MN 55359-8747

Cadu Medical LLC
Attn Peter Groverman
1151 Walton Rd
Blue Bell, PA 19422-2134

Cadu Medical LLC
c/o Ervin Cohen & Jessup LLP
9401 Wilshire Blvd 9th Fl
Beverly Hills, CA 90212-2945

Calif Dept of Tax and Fee Admin
PO Box 942879
Sacramento, CA 94279-0001

California Dept. of Tax and Fee Administrati
Collections Support Bureau, MIC: 55
PO Box 942879
Sacramento, CA 94279-0001

California Franchise Tax Board
Bankruptcy Section, MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Comptroller of Maryland
Compliance Division
Bankruptcy Division
301 W. Preston Street, Room 409
Baltimore, MD 21201-2383

D360 Unlimited
Attn Dean Singer
1711 Ocean Park Blvd
Santa Monica CA 90405-4901

Employment Development Dept
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

F. Phillip Hosp
Foley & Lardner LLP
555 S. Flower Street
Suite 3300
Los Angeles, CA 90071-2418

FLORIDA DEPARTMENT OF REVENUE, BANKRUPTCY UN
POST OFFICE BOX 6668
Tallahassee, Florida 32314-6668

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Florida Department of Revenue
Bankruptcy Unit
5050 W Tennessee St
Tallahassee, FL 32399-0100

Forstmann & Co Inc
Attn Keven Kim
1999 Avenue of the Stars #1100
Los Angeles, CA 90067-4618

GTG Wellness
Attn Daniel Choi
7 Dongwon-ro Bundang-gu Seongnam-si
Gyeonggi-do, Korea 13547

Global Liquidity Services LLC
dba VendorPayment
5790 Fleet St Ste 100
Carlsbad, CA 92008-4703

Gray Robinson
Attn Tucker Toni
301 East Pine St #1400
Orlando, FL 32801-2798

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

J Anthony Forstmann
1999 Avenue of the Stars #1100
Cenury City, CA 90067-4618

James Worldwide Inc
Attn James Lee
2301 Raymer Avenue
Fullerton, CA 92833-2514

James Worldwide Inc
c/o Squire Patton Boggs (US) LLP
555 S Flower St 31st Fl
Los Angeles, CA 90071-2300

Jeffrey S Marks
9 Chatelaine Suite B
Newport Beach, CA 92657-1054

Jonathan Liss
Gibbons PC
One Gateway Center
Newarj, NJ 07102-5310

Joseph T Viola
PO Box 1508
South Pasadena, CA 91031-1508

Kelly Forstmann
1999 Avenue of the Stars #1100
Cenury City, CA 90067-4618

Keven Kim
2020 Northam Dr
Fullerton, CA 92833-5076

Kevin C. Baltz
Butler Snow LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201-2046

Kevin Lau
22173 E Domingo Road
Queen Creek, AZ 85142-7411

Lawrence Bartells LLP
Attn Robert Lawrence
7700 Irvine Center Dr Ste 800
Irvine, CA 92618-3047

M&W Suppliers
1989 S Campus Ave
Ontario, CA 91761-5410

MASS. DEPT. OF REVENUE ATTN:BANKRUPTCY UNIT
P.O. Box 7090
Boston, MA 02204-7090

Maia Gordon
2915 Mesquite Dr.
Sugar Land TX 77479-1658

Marc Sternberg
2577 Armacost Avenue
Los Angeles, CA 90064-2715

Marshall Carr
4033 Via Picaposte
Palos Verde Estates, CA 90274-1146

Martin Mooney
31721 Via Coyote
Coto de Caza, CA 92679-4106

Massachusetts Department of Revenue
Bankruptcy Unit
PO Box 7090
Boston, MA 02204-7090

Merch Mania LLC
Attn Jonny Rich
280 White Bridge Pike
Nashville, TN 37209-3226

Merch Mania LLC
c/o Butler Snow LLP
150 3rd Avenue South Ste 1600
Nashville, TN 37201-2046

Merch Mania, LLC
Kevin C. Baltz, Butler Snow LLP
150 3rd Avenue South
Suite 1600
Nashville, TN 37201-2046

Michelle Maciel
17531 Newland St. B
Huntington Beach, CA 92647-6474

Minnesota Department of Revenue
Bankruptcy Unit
Mail Station 5130
St. Paul, MN 55146-5130

Mooney Family Trust dated Feb 13, 2017
Attn Martin Mooney
31721 Via Coyote
Coto de Caza, CA 92679-4106

New York State Dept Taxation & Finance
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205-0300

Nick Gordon
Attn Nick Gordon
3071 Via Del Corso
Henderson, NV 89052-4137

Nicole  Koski
11901 Goshen Ave #103
Los Angeles, CA 90049-6301

Nicole Koski
11901 Goshen Avenue, Apt. 103
Los Angeles, CA 90049-6301

Patrick Farley
1739 Ivey Road
Oceanside, CA 92054-5640

Peter Gruenman, Member of Sadu Medical, LLC
Catherine A. Veeneman
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, CA 90212-2928

Provident Trust Group fbo Nicholas Gordon IR
Attn Nicholas Gordon
3071 Via Del Corso
Henderson, NV 89052-4137


Randy Acosta
5829 E Lavender Ct
Orange, CA 92867-3358

Reston Group LLC
Attn Harrison Oh
29777 Telegraph Rd #2415
Southfiled MI 48034-6700

Security Pro USA
Attn Al Evan
8543 Venice Blvd
Los Angeles, CA 90034-2548


Security Pro USA
c/o Jeong & Likens a Law Corp
1100 Wilshire Blvd., Suite 3008
Los Angeles, CA 90017-1968

Soderling Living Trust
Attn Jim Biram
901 Dove St STE 270
Newport Beach, CA 92660-3038

The Kim Trust
Attn Albert Kim
7 Parker Terrace
Newton, MA 02459-2723


Thomas McCarthy
PO Box 132
Rancho Santa Fe, CA 92067-0132

Thomas McCarthy & Associates Defined Benefit
16135 Via del Alba, #132
Rancho Santa Fe, CA 92067

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500


Vince Butta
5 Cedar Lane Lloyd
Harbor, NY 11743-9741

Vincent C. Butta
The UBC Group, LLC
5 Cedar Lane
Lloyd Harbor, NY 11743-9741

Virginia Department of Taxation
Customer Relations Compliance Unit
Bankruptcy Unit
P.O. Box 1115
Richmond, VA  23218-1115


Vista Capital Group Inc
Attn Marlin Smith
530 S Lake Avenue #376
Pasadena, CA 91101-3515

West Empire Inc
Attn Jacob Levy
7633 Varna Ave Suite H
North Hollywood CA 91605-1751

West Empire Inc
c/o Jeong & Likens a Law Corp
1100 Wilshire Blvd., Suite 3008
Los Angeles, CA 90017-1968


Zelmark LLC
c/o Jeong and Likens, Law Corp.
1100 WILSHIRE BLVD., SUITE 3008
Los Angeles, CA 90017-1968

Anerio V Altman, Esq.
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051-6681

James C Bastian Jr
Shulman Bastian Friedman & Bui LLP
100 Spectrum Ctr Dr Ste 600
Irvine, CA 92618-4969


(p)RICHARD A MARSHACK
ATTN MARSHACK HAYS LLP
870 ROOSEVELT
IRVINE CA 92620-3663


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Richard A Marshack (TR)
Marshack Hays Wood LLP
870 Roosevelt
Irvine, CA 92620

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Cadu Medical, LLC

(u)Interested Party

(d)Joseph T. Viola
PO Box 1508
South Pasadena, CA 91031-1508

(u)Peter Groverman

End of Label Matrix
Mailable recipients    81
Bypassed recipients     4
Total                  85

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com
**Counsel for**
**Chapter 7 Trustee**
**Richard A. Marshack**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

| In re: FCO GENESIS I, INC. | ) | **Case No.:** 8:22-bk-11460-SC |
|---|---|---|
| | ) | **Chapter:** 7 |
| | ) | **CHAPTER 7 TRUSTEE RICHARD A. MARSHACK'S REQUEST FOR AUTHORITY TO ABANDON THE ESTATE'S INTEREST IN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. Sec. 554(a); DECLARATION OF RICHARD A. MARSHACK; DECLARATION OF ANERIO V. ALTMAN, ESQ.** |
| | ) | **JUDGE:** |
| | ) | Hon. Scott Clarkson |
| | ) | **NO HEARING UNLESS REQUESTED PURSUANT TO LRBP 9013-1(o)** |

- 1

CHAPTER 7 TRUSTEE RICHARD A. MARSHACK ("Trustee") requests permission to abandon the property of the estate in this matter as there is little likelihood of recovering any meaningful asset for a significant distribution to the unsecured creditors. The Trustee further seeks permission to pay the amount of funds on hand, $619.58, to Trustee's Counsel to compensate them for third party costs expended on behalf of the estate during their representation in this matter.

## I.    FACTUAL BACKGROUND

This Chapter 7 was filed on August 29th, 2022 and docketed as 8:22-bk-11460-SC.  See Exhibit 1: Docket.  This was a voluntary case filed by the corporate entity FCO GENESIS I, INC. ("Debtor") under Chapter 7 of the United States Code.  Id.  Upon filing, Richard A. Marshack was appointed the interim Trustee of this matter.  Id.  At the 341a hearing, no objection was made to Mr. Marshack's appointment and he became the permanent Trustee.  Id.

Pre-bankruptcy, the Debtor was involved in the production and sale of Personal Protection Equipment ("PPE") made necessary by the Covid epidemic.  Declaration of Anerio V. Altman, Esq.  The Debtor worked with various companies in the production and sale of this equipment both domestically and internationally.  Id.  Due to a series of shortfalls in equipment, available financing, and demand in the industry, the Debtor was unable to make ends meet and was required to file for Bankruptcy protection.  Id.

Going into the bankruptcy, and as detailed on Schedule A/B, the Debtor possessed some number of claims against parties for the failure to provide product, failure to provide a refund for product purchased but never delivered, or claims for tortious interference with contractual relations ("Possible Claims").  Id.  The Debtor by its principal and counsel, appeared at the 341a hearing and provided the Trustee with all documents requested.  Id.  Additionally, Debtor listed inventory

("Inventory") and internet domains ("IP," and collectively, the "Assets") in its Schedule A/B. After some investigation, the Trustee determined that these were the only significant remaining assets of the corporation.  Id.  See Exhibit 2:  Schedule A/B.

After researching the collectability of the Possible Claims and other assets which included any preferential transfers, insider claims, and inventory/stock still in its possession, the Trustee has determined that the property of the estate should be abandoned.  The Trustee makes this determination because in the Trustee's opinion the most favorable outcome would result in a minimal return to the bankruptcy estate with significant time and resources spent on the matter.

The results of this investigation determined the following:

A.    Initial information provided by the Debtor's principal was not untruthful, but was overly optimistic as to claims held by the Debtor against other parties for contract disputes.  Most of the claims for recovery which, in total, amounted to approximately $3,000,000 in potential claims were against entities who had already sued the Debtor and had significant claims for offset. Id. There were no "easy recoveries", and the amounts being litigated were of significant size from notable business entities such that it was unlikely the litigation costs in their recovery would be negligible.  Id.  At least two of the possible claims were already in litigation with the Debtor which were in strongly contested matters.   Id.

B.    The claims filed in the case by the Creditor body made moot the usefulness of any recovery.  Id.  While the possible recovery on paper could have totaled approximately $3,000,000, the more realistic recovery, after significant time spent on the issue, would probably result in settlements totaling $1,000,000 to $1,500,000.  As of today, based upon the claims register, the total claims in the case equal $29,087,980.  A recovery of $1,000,000, presumably after legal fees

MOTION FOR AUTHORITY TO ABANDON PROPERTY OF THE ESTATE

and costs, would only pay 3.4% of allowable claims.  Id; Declaration of Richard A. Marshack.

C.    After spending some time researching the issues, the Trustee determined that the Debtor, by its agents, had been acting inequitably pre-petition which was a clear harbinger that the defenses of Creditors as to the claims of the Debtor seeking to recover anything from third parties would be prohibitive.  Declaration of Anerio V. Altman, Esq., *supra.*

D.    When the Trustee sought to retain the services of Robert Lawrence, the Debtor's prior State Court counsel, in the capacity of special litigation counsel in this matter, he knew nothing of the Debtor's claims against any party;  He was completely unaware of the Debtor's claims against any of the parties they were already in litigation with when the petition was filed.  Ostensibly, if there were any material claims as against these Creditors, the Debtor's claims for product and refunds against 3rd parties would have been raised as part of an affirmative defense or cross-complaint.  Id.

F.    Some of the Debtor's possible claims would require the employment of counsel outside the United States under foreign jurisdiction based upon foreign laws.  Collection in those matters would be difficult if not impossible, and may be prohibited in the absence of appropriate treaties in the United States.

G.    The primary witness in the case is the Debtor's founder, who has passed away.  The ability to prosecute these claims would be dependent upon the second hand account of employees based on hearsay.

As of today the estate retains $619.58 on hand.

## II.    ARGUMENT

The Trustee seeks authority to abandon property of the estate pursuant to Federal Rule of

- 4 -

Bankruptcy Procedure 6007 because the assets on hand provide no meaningful ability to distribute

any return to the unsecured creditor body.  The Trustee further seeks authority to turn over the

assets on hand of $619.58 to Trustee's counsel to compensate them for third party costs advanced

in the prosecution of this matter.

A.      Abandonment of Estate Assets is Authorized Under 11 U.S.C. Sec 554(a)

11 U.S.C. Sec. 554(a) provides a framework for the Trustee's request:

"**(a)** After notice and a hearing, the trustee may abandon any property of the estate
that is burdensome to the estate or that is of inconsequential value and benefit to
the estate." 11 U.S.C. § 554

The method by which this abandonment is completed is embodied in Federal Rule of

Bankruptcy Procedure 6007(a)

**(a)** NOTICE OF PROPOSED ABANDONMENT OR DISPOSITION;
OBJECTIONS; HEARING. Unless otherwise directed by the court, the trustee or
debtor in possession shall give notice of a proposed abandonment or disposition of
property to the United States trustee, all creditors, indenture trustees, and
committees elected pursuant to §705 or appointed pursuant to §1102 of the Code.
A party in interest may file and serve an objection within 14 days of the mailing of
the notice, or within the time fixed by the court. If a timely objection is made, the
court shall set a hearing on notice to the United States trustee and to other entities
as the court may direct.

Fed. R. Bankr. P. 6007

Abandonment pursuant to § 554(a)…according to Federal Rule of Bankruptcy

Procedure 6007, requires notice, a hearing, and an order of the court authorizing the

abandonment. *In re Reed,* 940 F.2d 1317, 1321 (9th Cir. 1991); *In re Hyman,* 123 B.R. 342,

348 (9th Cir.BAP 1991);  *In re Pace* (B.A.P. 9th Cir. 1992) 146 B.R. 562, 564.

This Motion is being filed pursuant to Local Rule of Bankruptcy Procedure 9013-1(o) upon

the creditor body which provides sufficient notice for any creditor to object to this intended

abandonment of these assets.

B.     The Abandonment of the Assets of the Estate is Proper

The Trustee's request to abandon the assets of the estate is proper where the administration of the assets is burdensome, are only able to bring an inconsequential benefit to the estate, and all creditors are given notice of the Trustee's intent in a timely manner.  Those conditions are satisfied in this instance.

The estate's only significant assets are its litigation rights as against third parties which are of suspect value as a result of pending litigation or countervailing claims.  The Debtor's claims against third parties are subject to significant offset by these third parties which is expensive to litigate and likely to make irrelevant any recovery.  Further, information gained from research into these issues is demonstrating that stronger merit lies with the creditors' claims and defenses than it does with the Debtor;  The Debtor engaged in certain improper acts to entice parties to contract with it that were factually untrue.  Further the Debtor's claims may require litigation in an international arena for which the estate is wholly underfunded and under resourced to pursue. Further, the failure of the Debtor to have previously raised any claims against these parties with whom they are already in litigation, casts doubt on the viability of pursuing the matters.

Finally, the likely recovery, while not immaterial, seems nearly insignificant in light of the totality of the creditor body.  There is a likely return of $1,000,000 presuming the Trustee is successful in this recovery, to be distributed among $29,087,980 in claims after administrative and legal fees are paid by the estate.  This would provide no more than a theoretical 3% return to the unsecured body.  However, even that presumption may be too optimistic.

With the understanding that the defenses and that previous representations have been

MOTION FOR AUTHORITY TO ABANDON PROPERTY OF THE ESTATE

incomplete it is more likely that after the costs of litigation the distribution will be significantly less and it is at least a 50/50 chance the case will be administratively insolvent. The purpose of administering the case at that point would be for the benefit of only administrative creditors which is improper. Further, it is unfair to ask counsel to run such a significant risk of non payment unless major creditors or parties in interest wish to finance the litigation or wish to buy the claims. In the Trustee's opinion, the estate would not be able to attract a price such that the net distributions to creditors will be substantial. As this is a corporate bankruptcy case, creditors are free to pursue remedies they may have. See the Declaration of Richard A. Marshack, *supra.*

As litigation is both uncertain and costly, Trustee asserts that these assets are inconsequential and burdensome to the estate and that abandonment is property under 11 U.S.C. Sec. 554(a). It does not appear that a meaningful distribution is likely and payments, if any, to creditors would be *de minimus.*

C.    The Trustee Seeks to Turnover $619.58 To His Counsel to Offset Costs Incurred in this Matter

The Trustee is holding $619.58 of funds on hand derived from a pre-petition bank account in the name of the Debtor. The Trustee's Counsel is leaving this case unpaid, having advanced certain costs in advance, including service of this motion, on the creditor body. The Trustee's preference is to turnover these costs to his counsel to offset their expenses in this matter.

The Trustee cannot retain these cash assets upon closure of the case. The amount on hand is particularly small and the determination of its disposition outside of this requested purpose cost prohibitive.   The easiest and fairest solution is to turn over these assets to his counsel who has spent time and money in this matter, and in the preparation and filing of this Motion.

1    The motion employing Trustee's Counsel in this matter was entered on April 24th, 2023.

2    That order authorized employment of Trustee's Counsel which included compensation for third

3    party costs advanced on behalf of the estate.

4    The Trustee's Counsel has advanced funds on behalf of the estate and as such this

5    compensation is merited.  Trustee's Counsel spent $440.80 on the service of its Motion to Employ

6    filed in April 2023.  Trustee's Counsel advanced funds to acquire certain documents from the

7    California Superior Court.  Trustee's Counsel has spent minor funds serving letters upon certain

8    parties.  Trustee's Counsel will spend over $200 on the service of this Motion upon the Creditor

9    body.

10    The Trustee requests the right to turnover these funds on hand to Trustee's Counsel.

11    **III.    PRAYER**

12    Based upon the foregoing, the Trustee requests an entry of an order authorizing

13    abandonment of the Estate's interest in the Assets. .

14    Dated: July 28th, 2024                    Signed: /S/ ANERIO V. ALTMAN, ESQ.
                                                        ANERIO V. ALTMAN, ESQ.
15                                                       ATTORNEY FOR TRUSTEE
                                                        RICHARD A. MARSHACK

16

17

18

19

20

21

22

23

24

MOTION FOR AUTHORITY TO ABANDON PROPERTY OF THE ESTATE

## **DECLARATION OF RICHARD A. MARSHACK**

I, RICHARD A. MARSHACK, declare as follows:

1.     I am over the age of 18 years old and I am legally able and competent to testify to the following in a court of law if required to do so.

2.     I am the Chapter 7 Trustee assigned to this matter.

3.     I have been informed by my counsel, and provided information by them, that the sources of recovery in this matter consist of causes of action that belong to the Debtor from pre-petition commercial transactions.

4.     The value of these recoveries is approximately $3,000,000 at the outset.   The likely recovery however, combined on the totality of these claims is approximately $1,000,000 to $1,500,000 as I think it likely that parties in litigation would agree upon a settlement rather than go to trial on these matters.

5.     I have been informed that some of the litigation to pursue these claims would need to take place in Vietnam, and would be subject to the laws of Vietnam.  I have no knowledge as to what those laws are, or how these legal disputes would be interpreted.

6.     I have reviewed the claims docket in this case and observed that the claims total $29,087,980.  A recovery of $1,000,000 would equate to a recovery of 3%, but I believe this is also overly optimistic as this is before the legal fees involved in collection of these claims is ascertained.

7.     I have been informed that certain of these claims are best met by the retention of special litigation counsel Robert Lawrence, but that Mr. Lawrence is not interested in representing the

MOTION FOR AUTHORITY TO ABANDON PROPERTY OF THE ESTATE

estate, and that such representation at best, would be costly.  His lack of interest in continuing to represent the Debtor in this case is informative.

8.      The primary witness in the case is the Debtor's founder, who has passed away.  The ability to prosecute these claims would be dependent upon the second hand account of employees based on hearsay.

9.      Based upon the information presented to me by counsel, I do not believe that the assets of this estate bring any meaningful benefit or need to be administered.

///

///

///

///

///

///

MOTION FOR AUTHORITY TO ABANDON PROPERTY OF THE ESTATE

10.     Given that we do not know the defenses and that previous representations have been incomplete it is more likely that after the costs of litigation the distribution will be significantly less and it is at least a 50/50 chance the case will be administratively insolvent which then would probably draw a response from the UST that trustees are not supposed to administer cases for the benefit of only administrative creditors.  Further, it is unfair to ask counsel to run such a significant risk of non payment unless major creditors or parties in interest wish to finance the litigation or wish to buy the claims.  Given my experience we will not be able to attract a price such that the net distributions to creditors will be substantial.  As this is a corporate bankruptcy case, creditors are free to pursue remedies they may have.

11.     It does not appear that a meaningful distribution is likely and payments, if any, to creditors would be *de minimus.*

12.     I would like to turn over the $619.58 on hand to my counsel to offset the costs incurred by his office.

13.     I make these declarations under penalty of perjury of the laws of the United States and know that they are true.

Dated: _7/26/24_                                    Signed: _____

                                                              RICHARD A. MARSHACK

## <u>DECLARATION OF ANERIO V. ALTMAN, ESQ.</u>

I, ANERIO V. ALTMAN, ESQ, declare as follows:

1.      I am over the age of 18 years old and I am legally able and competent to testify to the following in a court of law if required to do so.

2.      I have been employed as counsel to the Trustee since April 2023.

3.      I investigated the assets of the Debtor as part of my employment.

4.      Based upon my investigation, I learned pre-bankruptcy, the Debtor was involved in the production and sale of Personal Protection Equipment ("PPE") made necessary by the Covid epidemic.  The Debtor worked with various companies in the production and sale of this equipment both domestically and internationally.   Due to a series of shortfalls in equipment, available financing, and demand in the industry, the Debtor was unable to make ends meet and was required to file for Bankruptcy protection.

5.      Going into the bankruptcy, the Debtor possessed some number of claims against parties for the failure to provide product, failure to provide a refund for product purchased but never delivered, or claims for tortious interference with contractual relations.  The Debtor by its principal and counsel, appeared at the 341a hearing and provided the Trustee with all documents requested.  After some investigation, the Trustee determined that these were the only significant remaining assets of the corporation.

6.      When the Trustee sought to retain the services of Robert Lawrence, the Debtor's prior State Court counsel, in the capacity of special litigation counsel in this matter, he knew nothing of the Debtor's claims against any party;  He was completely unaware of the Debtor's claims against any of the parties they were already in litigation with when the petition was filed.

Ostensibly, if there were any material claims as against these Creditors, the Debtor's claims for product and refunds against 3rd parties would have been raised as part of an affirmative defense or cross-complaint.

7.     The Debtor's assets of note consist only of claims as against third parties.

8.     The Debtor has a claim against an "C. Joel Enterprises" for recovery of approximately $1,500,000 that is owed for products that were not delivered.  The reason the products were not delivered was that the supplier for C. Joel Enterprises" defaulted.  However, C. Joel owed the Debtor a refund.

After discussions with pre-bankruptcy counsel Robert Lawrence, it appears that C. Joel has significant claims as against the Debtor which may offset any recovery.

9.     The Debtor possesses a claim against James Worldwide derived from a pre-petition transaction which has been in litigation prior to the filing of this case.  The Debtor has a claim for approximately $700,000 in assets held by this entity.   Again, after discussion with Robert Lawrence, it appears that this claim may be wiped out due to potential offsets.

10.     The Debtor possesses a claim against Nhan Do, a Vietnamese Company for approximately $100,000.  This claim would need to be filed in Vietnam per contract and would be governed by Vietnamese law.  Finding a Vietnamese law firm to work on contingency has proven to be difficult.

11.     The Debtor possesses a claim against Bedrock Group for approximately $2,000,000 on equipment that was delivered.  This claim is strongly disputed by Bedrock and is in pending litigation.

12.     The business practices of the Debtor are now suspect adding to the suspicion that

MOTION FOR AUTHORITY TO ABANDON PROPERTY OF THE ESTATE

claims against the Debtor may present viable offsets. The Debtor apparently provided assurances to vendors that their claims would be covered by insurance policies up to 110% or 115% of their claims.  After research it turns out that these were misrepresentations made by the Debtor and no such policies were ever acquired.

13.     Further, the primary witness in the case is the Debtor's founder, who has passed away.  The ability to prosecute these claims would be dependent upon the second-hand account of employees based on hearsay.

14.     I have spent $440.80 on the service of our Motion to Employ filed in April 2023.  I advanced funds to acquire certain documents from the California Superior Court.  I spent minor funds serving letters upon certain parties.  I will spend over $200 on the service of this Motion upon the Creditor body.

I make these declarations under penalty of perjury of the laws of the United States and know that they are true.

Dated:  7/28/2024              Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                      ANERIO V. ALTMAN, ESQ.
                                      ATTORNEY FOR
                                      CHAPTER 7 TRUSTEE
                                      RICHARD A. MARSHACK

EXHIBIT 1

**U.S. Bankruptcy Court**
**Central District of California (Santa Ana)**
**Bankruptcy Petition #: 8:22-bk-11460-SC**

*Date filed:* 08/29/2022
*341 meeting:* 10/17/2023
*Deadline for filing claims:* 01/23/2023
*Deadline for filing claims (govt.):* 02/27/2023

*Assigned to:* Scott C Clarkson
Chapter 7
Voluntary
Asset

**Debtor**
**FCO Genesis I, Inc.**
5244 Beach Blvd
PO Box 522
Buena Park, CA 90620
ORANGE-CA
Tax ID / EIN: 85-1285473
*fdba* **Forstmann Company Genesis, LLC**

represented by **James C Bastian, Jr**
Shulman Bastian Friedman & Bui LLP
100 Spectrum Ctr Dr Ste 600
Irvine, CA 92618
949-340-3400
Email: jbastian@shulmanbastian.com

**Trustee**
**Richard A Marshack (TR)**
Marshack Hays Wood LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **Anerio V Altman**
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681
949-218-2002
Fax : 949-218-2002
Email: LakeForestBankruptcy@jubileebk.net

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 08/29/2022 | **1**<br>(12 pgs) | Chapter 7 Voluntary Petition for Non-Individuals . Fee Amount $338 Filed by FCO Genesis I, Inc. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 09/12/2022. Schedule A/B: Property (Form 106A/B or 206A/B) due 09/12/2022. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 09/12/2022. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 09/12/2022. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 09/12/2022. Schedule H: Your Codebtors (Form 106H or 206H) due 09/12/2022. Declaration About an Individual Debtors Schedules (Form 106Dec) due 09/12/2022. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 09/12/2022. Statement of Financial Affairs (Form 107 or 207) due 09/12/2022. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 09/12/2022. Incomplete Filings |

| | | |
|---|---|---|
| | | due by 09/12/2022. (Bastian, James)WARNING: See docket entry no 3 for correction. Case deficient re Corporate Resolution Authorizing Filing of Petition due 9/12/2022. Corporate Ownership Statement (LBR Form F1007-4) due by 9/12/2022. Statement of Related Cases (LBR Form F1015-2) due 9/12/2022. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 9/12/2022. Modified on 8/29/2022 (VN). (Entered: 08/29/2022) |
| 08/29/2022 | | Receipt of Voluntary Petition (Chapter 7)( 8:22-bk-11460) [misc,volp7] ( 338.00) Filing Fee. Receipt number A54603534. Fee amount 338.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/29/2022) |
| 08/29/2022 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/11/2022 at 08:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Scheduled Automatic Assignment, shared account) (Entered: 08/29/2022) |
| 08/29/2022 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor FCO Genesis I, Inc.) Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 9/12/2022. (VN) (Entered: 08/29/2022) |
| 08/29/2022 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor FCO Genesis I, Inc.) Corporate Resolution Authorizing Filing of Petition due 9/12/2022. Corporate Ownership Statement (LBR Form F1007-4) due by 9/12/2022. Statement of Related Cases (LBR Form F1015-2) due 9/12/2022. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 9/12/2022. (VN) (Entered: 08/29/2022) |
| 08/29/2022 | 3 | Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor FCO Genesis I, Inc.) (VN) (Entered: 08/29/2022) |
| 08/29/2022 | 4 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor FCO Genesis I, Inc.) (VN) (Entered: 08/29/2022) |
| 08/29/2022 | 5 (1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor FCO Genesis I, Inc.) (VN) (Entered: 08/29/2022) |

| | | |
|---|---|---|
| 08/31/2022 | [6](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 7b)) No. of Notices: 40. Notice Date 08/31/2022. (Admin.) (Entered: 08/31/2022) |
| 08/31/2022 | [7](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[4](#) Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 08/31/2022. (Admin.) (Entered: 08/31/2022) |
| 08/31/2022 | [8](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[5](#) ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 08/31/2022. (Admin.) (Entered: 08/31/2022) |
| 09/12/2022 | [9](#)<br>(55 pgs) | Statement of Corporate Ownership filed., Corporate resolution authorizing filing of petitions , Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Non-Individual (Official Form 106Sum or 206Sum) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor FCO Genesis I, Inc. (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Bastian, James) (Entered: 09/12/2022) |
| 10/12/2022 | 10 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/19/2022 at 02:02 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 10/12/2022) |
| 10/19/2022 | [11](#)<br>(2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Richard A Marshack (TR). Proofs of Claims due by 1/23/2023. Government Proof of Claim due by 2/27/2023. (Marshack (TR), Richard) (Entered: 10/19/2022) |
| 10/22/2022 | [12](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[11](#) Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Richard A Marshack (TR)) No. of Notices: 54. Notice Date 10/22/2022. (Admin.) (Entered: 10/22/2022) |

| | 13 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 11/30/2022 at 02:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 10/24/2022) |
|---|---|---|
| 10/24/2022 | | |
| 11/28/2022 | 14 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 2/7/2023 at 11:02 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 11/28/2022) |
| 02/08/2023 | 15 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/4/2023 at 11:02 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 02/08/2023) |
| 03/14/2023 | 16 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Altman, Anerio. (Altman, Anerio) (Entered: 03/14/2023) |
| 03/29/2023 | 17 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/13/2023 at 01:15 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 03/29/2023) |
| 04/02/2023 | 18 (18 pgs) | Application to Employ Anerio V. Altman, Esq. as General Insolvency Counsel Filed by Trustee Richard A Marshack (TR) (Altman, Anerio) (Entered: 04/02/2023) |
| 04/02/2023 | 19 (23 pgs) | Amended Motion (related document(s): 18 Application to Employ Anerio V. Altman, Esq. as General Insolvency Counsel filed by Trustee Richard A Marshack (TR)) Filed by Trustee Richard A Marshack (TR) (Altman, Anerio) (Entered: 04/02/2023) |
| 04/07/2023 | 20 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singh, Sonia. (Singh, Sonia) (Entered: 04/07/2023) |
| 04/18/2023 | 21 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 5/23/2023 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 04/18/2023) |
| 04/22/2023 | 22 (32 pgs) | Declaration re: non opposition Filed by Trustee Richard A Marshack (TR) (RE: related document(s)19 Amended Motion (related document(s): 18 Application to Employ Anerio V. Altman, Esq. as General Insolvency Counsel filed by Trustee |

| | | Richard A Marshack (TR7) . (Altman, Anerio) (Entered: 04/22/2023) |
|---|---|---|
| 04/24/2023 | [23](#)<br>(1 pg) | Order Granting Motion to Employ Anerio V. Altman, Esq. as General Counsel Pursuant to 11 U.S.C. Section 327 & 330 (BNC-PDF) (Related Doc # [19](#) ) Signed on 4/24/2023 (JL) (Entered: 04/24/2023) |
| 04/26/2023 | [24](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[23](#) Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 04/26/2023. (Admin.) (Entered: 04/26/2023) |
| 05/24/2023 | 25 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 6/27/2023 at 12:02 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/24/2023) |
| 06/29/2023 | 26 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/18/2023 at 10:32 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/29/2023) |
| 07/20/2023 | 27 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/17/2023 at 11:02 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/20/2023) |
| 10/18/2023 | | Trustee's Initial Report & First Meeting Held (Marshack (TR), Richard) (Entered: 10/18/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/28/2024 14:20:19 | | |
| **PACER Login:** | atty228445 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-bk-11460-SC Fil or Ent: filed From: 4/29/2020 To: 7/29/2024 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

EXHIBIT 2

**Fill in this information to identify the case:**

Debtor name ___FCO Genesis I, Inc.___

United States Bankruptcy Court for the: ___Central___ District of ___California___
                                                                                    (State)

Case number (If known): ___8:22-bk-11460-SC___

☐ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                 $_____0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Wells Fargo | Checking | 3  1  6  8 | $_____101.09 |
| 3.2. | | | ___  ___  ___  ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____    $_____
   4.2. _____    $_____

5. **Total of Part 1**                                                              $_____101.09
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____    $_____
   7.2. _____    $_____

Debtor   FCO Genesis I, Inc.
         _____
         Name

Case number *(if known)*   8:22-bk-11460-SC

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1.  Vendor deposits to C Joe Enterprises, James Worldwide, Nhan Dai Joint Stock Company   $_____2,791,096.00

8.2._____   $_____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.   $_____2,791,096.00

---

**Part 3:   Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less:   _____ – _____ = ........➔   $_____
                            face amount            doubtful or uncollectible accounts

11b. Over 90 days old:      _____ – _____ = ........➔   $_____
                            face amount            doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $_____0.00

---

**Part 4:   Investments**

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. _____   _____   $_____

14.2. _____   _____   $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entit                               % of ownership:

15.1. _____   _____%   _____   $_____

15.2. _____   _____%   _____   $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1. _____   _____   $_____

16.2. _____   _____   $_____

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.   $_____0.00

---

Debtor   FCO Genesis I, Inc.
Name

Case number *(if known)* 8:22-bk-11460-SC

---

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| Inventory purchased | 06/30/2021 MM / DD / YYYY | $ 6,702,529.00 | | $ 700,000.00 |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.    ✓    $ 700,000.00

24. **Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value _____   Valuation method_____   Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

---

Debtor    FCO Genesis I, Inc.
          _____    Case number (if known) 8:22-bk-11460-SC
          Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.    $_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture**<br>_____ | $_____ | _____ | $_____ |
| 40. **Office fixtures**<br>_____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software**<br>_____ | $_____ | | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.    $_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

Debtor  FCO Genesis I, Inc.
Name

Case number *(if known)* 8:22-bk-11460-SC

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

| $_____ 0.00 |
|---|

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

   ☑ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   $_____0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   ☑ No

   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☑ No

   ☐ Yes

---

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☐ No. Go to Part 11.

   ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>WWW.FCOGEN1.COM and PPE.Inc | $  10,000.00 | Estimate | $  5,000.00 |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | | $_____ |
| 65. **Goodwill**<br> | $_____ | | $_____ |

66. **Total of Part 10.**

   Add lines 60 through 65. Copy the total to line 89.

   $_____5,000.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____   _____ − _____ = → $ _____
                           Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| | Tax year | |
|---|---|---|
| _____ | Tax year _____ | $ _____ |
| _____ | Tax year _____ | $ _____ |
| _____ | Tax year _____ | $ _____ |

73. **Interests in insurance policies or annuities**

_____   $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

  James Worldwide, CJOEL, Nhan Dai Joint Stock Co.   $ 2,791,096.00

Nature of claim   Purchase Order Deposits

Amount requested   $ 2,791,096

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $ _____

Nature of claim   _____

Amount requested   $ _____

76. **Trusts, equitable or future interests in property**

_____   $ _____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____   $ _____
_____   $ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   $ 2,791,096.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 12: | Summary |
|----------|---------|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|------------------|-----------------------------------|-------------------------------|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 101.09 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 2,791,096.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 700,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ............................... ➜ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 5,000.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* Related to Line 9, Part 2, deposits and prepayments | + $ 2,791,096.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $ 3,496,197.09 | **+** 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................... | 3,496,197.09